J-S20034-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NICHOLAS EDWARDS | : | |
| | : | |
| Appellant | : | No. 3125 EDA 2025 |

Appeal from the PCRA Order Entered November 20, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1006311-2003

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED JUNE 30, 2026**

Appellant, Nicholas Edwards, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this matter are as follows. On November 21, 2005, Appellant was convicted of first-degree murder, criminal conspiracy, and possessing an instrument of crime ("PIC"), in connection with the shooting death of Xavier Edmonds.  On February 3, 2006, the court sentenced Appellant to an aggregate term of life imprisonment without parole.  Following the reinstatement of his appellate rights *nunc pro tunc*, this Court affirmed Appellant's judgment of sentence on July 28, 2009; our Supreme Court denied allowance of appeal on February 5, 2010.  ***See***

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

*Commonwealth v. Edwards*, No. 1267 EDA 2008 (Pa.Super. filed Jul. 28, 2009) (unpublished memorandum), *appeal denied*, 605 Pa. 671, 989 A.2d 7 (2010).

Subsequently, Appellant unsuccessfully litigated a timely, first PCRA petition, as well as additional serial untimely PCRA petitions. On March 14, 2022, Appellant filed his third, untimely PCRA petition; the court entered an order dismissing the petition on June 16, 2023. While Appellant's appeal from that dismissal was pending, he purported to file a fourth PCRA petition on July 3, 2024, challenging the legality of his sentence.

On July 24, 2024, this Court affirmed the dismissal of his third petition, and our Supreme Court denied allowance of appeal on April 28, 2025. *See Commonwealth v. Edwards*, No. 1948 EDA 2023 (Pa.Super. filed Jul. 24, 2024) (unpublished memorandum), *appeal denied* ____ Pa. ____, 337 A.3d 964 (2025).

On May 7, 2025, Appellant filed a "supplemental" PCRA petition (supplementing the July 3, 2024 filing), raising a claim of governmental interference and newly-discovered evidence based upon his assertion that the Commonwealth had suppressed exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Appellant claimed that on July 19, 2024, a block unit manager at SCI-Houtzdale provided Appellant with "hundreds of documents" which were "Common Pleas court files in relation to the above captioned case" and that "many" of these documents "are considered evidence that was undisclosed from the defense"

by the Commonwealth. (*See* Supplemental PCRA Petition, 5/7/25, at 1-2).

On October 2, 2025, the PCRA court sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed without a hearing. On October 14, 2025, Appellant filed a response to the court's notice. On November 20, 2025, the court formally dismissed Appellant's petition as untimely. On December 1, 2025, Appellant timely filed a notice of appeal. The court did not order Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and Appellant did not file one.

On appeal, Appellant raises the following issues for review:

> A). DID THE PCRA COURT COMMIT REVERSIBLE ERROR OR ABUSE ITS DISCRETION BY ALLEGING THAT THE PCRA PETITION WAS UNTIMELY, WHEN [APPELLANT] WAS TRANSFERRED TO SCI HOUTZDALE PRISON ON ABOUT 12-16-2023, AND WHEN HE RECEIVED OVER ONE [HUNDRED] DOCUMENTS BY THE OFFICE OF CHIEF COUNSEL IN THE DEPARTMENT OF CORRECTIONS ON ABOUT JULY 19, 2024, ON MAY 7, 2025 APPELLANT FILED A PCRA PETITION BASED ON INTERFERNCE BY GOVERNMENT OFFICIALS 9545 (b)(1)(i) AND FACTS UNKNOWN 9545 (b)(1)(H), ON MAY 7, 2025 WITHIN THE ONE YEAR OF RECEIVING THE AFFIDAVIT/DOCUMENTS?

> B). DID THE PCRA COURT [ERR] WHEN IT ADDED ON THE ELEMENT TO *BRADY* VIOLATIONS IN APPLYING A RESPONSE TO A GOVERNMENTAL INTERFERENCE UNDER 42 Pa.C.S. §9545 (b)(1)(i), THE CLAIM AND WHICH THE PCRA COURT ADDED AN ELEMENT TO THE DUE DILIGENCE REQUIREMENT IS CONTRARY TO THE UNITED STATES SUPREME COURT OF THE THREE ELEMENTS TO SATISFY THE *BRADY* VIOLATION ?

> C). DID THE PCRA COURT COMMIT REVERSIBLE ERROR OR ABUSE [ITS] DISCRETION BY NOT ADDRESSING [THE] [*NAPUE v. PEOPLE OF STATE OF ILL.*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959)] VIOLATION IN

- 3 -

APPELLANT'S PCRA PETITION ?

D). DID THE PCRA COURT COMMIT A REVERSIBLE ERROR OR ABUSE ITS DISCRETION, AS A MATTER OF LAW BY DENYING APPELLANT'S … PCRA PETITION WITHOUT CONDUCTING AN EVIDENTIARY HEARING PURSUANT TO Pa.R.Crim.P. 907(2) AND Pa.R.Crim.P. 908(A)(2) AND TO DEVELOP THE FACTS ON RECORD AND TO CALL AND CROSS-EXAMINE THE DISTRICT ATTORNEY GONEN HAKLAY AND APPELLANT'S TRIAL COUNSEL MR. ALVA AS WITNESSES[;] APPELLANT WAS UNAWARE OF DIFFERENT STATEMENTS AND OTHER FACT[S] MADE BY COMMONWEALTH AND MOTION MADE BY THE D.A. ABOUT THIS WITNESS WALTER STANTON FALSIFIED STATEMENTS AND THAT HE WAS NOT AN EYEWITNESS TO THE MURDER?

(Appellant's Brief at 2).

Initially, we note that:

> In **Commonwealth v. Lark**, [560 Pa. 487, 746 A.2d 585 (2000), *overruled in part on other grounds by* **Commonwealth v. Small**, 662 Pa. 309, 238 A.3d 1267 (2020)], our Supreme Court held that a "subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." *Id.* at 588. The [*Lark*] Court reasoned that "[a] second appeal cannot be taken when another proceeding of the same type is already pending." *Id.* (citation omitted). …

**Commonwealth v. Montgomery**, 181 A.3d 359, 363 (Pa.Super. 2018) (*en banc*).

Instantly, Appellant filed the July 3, 2024 PCRA petition underlying this appeal prior to the final resolution of his 2022 petition. Therefore, the PCRA court lacked jurisdiction to review the July 3, 2024 petition and the supplemental petition filed thereafter on this basis alone. **See Lark, supra**

at 493-94, 746 A.2d at 588. Nevertheless, even assuming Appellant's May 7, 2025 supplemental petition, filed subsequent to the Pennsylvania Supreme Court's denial of his petition for allowance of appeal, could be considered as a separate fifth PCRA petition, Appellant would not be entitled to relief.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. *See Commonwealth v. Robinson*, 575 Pa. 500, 502, 837 A.2d 1157, 1158 (2003). "Jurisdictional time limitations are not subject to equitable exceptions and a court has no authority to extend them except as the statute permits. By placing strict time limitations on the process, it is clear that the Legislature intended that there be finality to the collateral review process." *Commonwealth v. Bennett*, 593 Pa. 382, 388, 930 A.2d 1264, 1267 (2007).

The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). To obtain merits review of a PCRA petition filed more than one year after the judgment of

sentence became final, the petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petitioner must file his petition within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

The PCRA is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect[.]" 42 Pa.C.S.A. § 9542. "Under the plain words of the statute, if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is **exclusive** to the PCRA." *Commonwealth v. Pagan*, 864 A.2d 1231, 1233 (Pa.Super. 2004), *cert denied*, 546 U.S. 909, 126 S.Ct. 264, 163 L.Ed.2d 237 (2005) (citations omitted) (emphasis in original).

To meet the newly-discovered facts timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate "he did not know the facts upon which he based his petition and could not have learned those facts

earlier by the exercise of due diligence." ***Commonwealth v. Howard***, 285 A.3d 652, 659 (Pa.Super. 2022). Due diligence demands that a PCRA petitioner take reasonable steps to protect his own interests. ***Id***. "A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." ***Id***. The focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Burton***, 638 Pa. 687, 704, 158 A.3d 618, 629 (2017) (internal citation and quotation marks omitted

"The proper question with respect to [the governmental interference] timeliness exception is whether the government interfered with Appellant's ability to present his claim and whether Appellant was duly diligent in seeking the facts on which his claims are based." ***Commonwealth v. Chimenti***, 218 A.3d 963, 975 (Pa.Super. 2019), *appeal denied*, 658 Pa. 538, 229 A.3d 565 (2020) (internal citation omitted). In other words, an appellant is required to show that he would have filed his claim sooner, if not for the interference of a government actor. ***Commonwealth v. Staton***, 646 Pa. 284, 184 A.3d 949 (2018). Where a petitioner's allegation of governmental interference is based on an alleged ***Brady*** violation, "the proper questions with respect to timeliness in this case are whether the government interfered with Appellant's access to the [allegedly withheld evidence], and whether Appellant was duly diligent in seeking [that evidence]." ***Commonwealth v. Stokes***, 598 Pa. 574, 581, 959 A.2d 306, 310 (2008).

Instantly, Appellant's judgment of sentence became final on or about

May 6, 2010, ninety days after our Supreme Court denied Appellant's petition for allowance of appeal following his direct appeal. *See* U.S.Sup.Ct.R. 13 (stating appellant must file petition for writ of *certiorari* with United States Supreme Court within ninety days after entry of judgment by state court of last resort). Appellant filed the supplemental PCRA petition at issue on May 7, 2025, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

Here, the PCRA court explained:

> The information which [Appellant] recently obtained, upon which his claims are based, consist of "hundreds of documents" from the Common Pleas file in his case which were "undisclosed from the defense by the Commonwealth." In support of these claims, [Appellant] points to four specific documents: a Rule to Show Cause to determine Walter Stanton is a material witness, dated April 5, 2005 (Exhibit B); an unsigned and undated proposed Order regarding Mr. Stanton's status as a material witness (Exhibit C), a partial, undated Affidavit in Support of the Commonwealth's Motion to have Andre Stanton declared a material witness (Exhibit D) and an incomplete document, "Defendant's 2002 attack on Andre Stanton" (Exhibit E). In addition, [Appellant] provided a declaration describing how he came into possession of these documents, as well as numerous documents, including the partial Affidavit of Probable Cause, the investigative interview and excerpts from his trial transcripts, which he claims he recently received. However, all of the documents provided by [Appellant] appear to be contemporaneous with his 2005 trial, and are, as [Appellant] himself noted, part of his Common Pleas case file. Therefore, this information cannot be considered "newly discovered evidence."
>
> Moreover, [Appellant] has failed to identify which specific documents were improperly withheld from him, nor does he provide any explanation as to how these documents were not previously available to him, or how the government interfered with his ability to obtain them. Additionally, while

- 8 -

he implies that Mr. Stanton's testimony was coerced or contradictory, [Appellant] failed to provide any evidence which would substantiate such claim. As such, [Appellant] has failed to meet his burden of proving that one of the exceptions to the PCRA's time bar applied to his case.

(PCRA Court Opinion, 12/8/25, at 3-4).

Our review of the record supports the PCRA court's conclusions and confirms that Appellant has not satisfied the requirements for the proffered time-bar exceptions. Beyond bald allegations that the Commonwealth withheld the four documents from him, Appellant has not explained how the government interfered with his access to the allegedly withheld evidence.[2] *See Staton, supra*. Nor has he provided, beyond conclusory statements, any reason to believe that the allegedly withheld documents were exculpatory. On this record, we discern no error in the court's conclusion that Appellant failed to overcome the jurisdictional hurdle. *See Hackett, supra*. Accordingly, we affirm.

Order affirmed.

_____

[2] For example, the Rule to Show Cause is dated, signed by the court, and stamped to indicate that it was filed in the trial court; indeed, it appears in a digitized copy of the original certified record. (*See* Rule to Show Cause, 4/1/05; *see also* Supplemental PCRA, 5/7/25, at Ex. B). Similarly, Appellant includes excerpts from his trial transcripts, which he alleges that he only recently received, but which are contained, in full, in the certified record and which, based upon Appellant's numerous prior appeals, were originally produced over 16 years ago. For these reasons, Appellant also fails to establish any "newly discovered facts" to satisfy the relevant timeliness exception. *See Howard, supra*.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>6/30/2026</u>